# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv106

| | |
|---|---|
| FRANCES KAY SURRETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) **ORDER**<br>)<br>CONSOLIDATED METCO, INC., )<br>LUCY JONES, individually , and )<br>STEVE THOMPSON, individually, )<br>)<br>Defendants. )<br>_____ ) | |

Pending before the Court are Plaintiff's Motion to Compel [# 18], Motion to Seal [# 27], and Motion for Protective Order [# 32]. At issue is the scheduling of Plaintiff's deposition and Defendants' response to one of Plaintiff's interrogatories.[1] Upon a review of the parties' briefs and the record in this case, the Court **GRANTS** Plaintiff's Motion to Compel [# 18] and Motion to Seal [# 27] and **DENIES** the Motion for Protective Order [# 32].

### I.    Analysis

---

[1] Plaintiff initially moved to compel Defendants to respond to a number of interrogatories and requests for production of documents in the Motion to Compel. After scheduling a hearing on the motion, however, the parties resolved all the issues with the exception of a dispute over Interrogatory No. 2. (Stipulation, Jan. 4, 2012.)

### A. Motion to Compel

Plaintiff moves to compel Defendants to provide a complete answer to Interrogatory No. 2. In interrogatory No. 2, Plaintiff requested:

> If you contend that Plaintiff was terminated from employment, please state each and every reason for which you terminated Plaintiff from employment, and identify each person who was involved in the decision to terminate her, or has knowledge or information concerning the reason for the termination, and for each identified person, please describe such person's participation in, or knowledge about, the termination decision, and identify any documents relating to the same.

(Pl.'s Ex. B. to Shults Aff. at p. 3.) Defendants objected on the conclusory grounds that the interrogatory is overbroad and seeks documents protected by the attorney-client privilege and work product doctrine. (Id.) In addition, Defendants referred Plaintiff "to the documents produced in response to Plaintiff's First Request for Production of Documents." (Id.) Defendants later supplemented this response with more specific citations to the documents produced. (Ex. T to Shults Aff. at p. 3-4.)

Rule 33(d) of the Federal Rules of Civil Procedure provides that where an "answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer" the interrogatory by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify

them as readily as the responding party could. . . ." Fed. R. Civ. P. 33(d)(1). To the extent that Defendants were relying on Rule 33(d) when they initially responded to the Plaintiff's interrogatory, they failed to satisfy the requirements of the Rule 33(d) by generally referring to all the documents they produced in response to Plaintiff's First Request for Production of Documents. See Fed. R. Civ. P. 33(d)(1). Moreover, the Court finds that the subsequent response to Interrogatory No. 2 is also insufficient because the cited documents do not fully answer the interrogatory at issue, and Defendants have not justified that the response under Rule 33(d) is sufficient. See Nat'l Fire Ins. Co. of Hartford v. Jose Trucking Corp., 264 F.R.D. 233, 239-240 (W.D.N.C. 2010) (Howell, J.) (setting forth framework for analyzing a response under Rule 33(d); S.E.C. v. Elfindepan, S.A., 206 F.R.D. 574, 576 (M.D.N.C. 2002) (same). After a review of the record in this case, the Court finds that Plaintiff is entitled to a complete answer by traditional means to Interrogatory No. 2.

The Court, therefore, **GRANTS** the Motion to Compel [# 18] and **DIRECTS** Defendants to provide a complete answer to Plaintiff's interrogatory No. 2 by specifying: (1) each and every reason why Defendants terminated Plaintiff's employment; (2) the identify of each person who was involved in the decision to terminate Plaintiff, or who has knowledge or information concerning the reason for the termination; (3) for each identified person, describe the person's participation in,

or knowledge about, the termination decision; and (4) to the extent it has not already done so, specifically identify any document related to the termination decision.

B. **Motion for Protective Order**

On January 4, 2012, Defendants noticed the deposition of Plaintiff for January 17, 2012. (Ex. C. to Pl.'s Mot. for Protective Order.) Discovery in this case closes February 1, 2012. Plaintiff seeks an Order from this Court rescheduling the deposition for the last day of discovery, February 1, 2012. Rule 30(b)(1) of the Federal Rules of Civil Procedure provides that a party must provide "reasonable written notice" of a deposition. Here, Defendants provided Plaintiff with reasonable written notice of the deposition. Moreover, Plaintiff has not demonstrated any legally sufficient ground pursuant to which a protective order or an order quashing the notice of deposition would be appropriate in this case. Accordingly, the Court **DENIES** the Motion for Protective Order [# 32].

C. **Motion to Seal**

The Court **GRANTS** the Motion to Seal [# 27]. Pending further order of this Court, the Court **SEALS** Exhibits E and F to the Shults Affidavit with access restricted to the Court and the attorneys of record in this case.

II. **Conclusion**

The Court **DENIES** the Motion for Protective Order [# 32] and **GRANTS** the Motion to Compel [# 18] as to Interrogatory No. 2 and the Motion to Seal [# 27].

Signed: January 10, 2012

Dennis L. Howell
United States Magistrate Judge