THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv106

| | |
|---|---|
| **FRANCES KAY SURRETT,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **CONSOLIDATED METCO, INC.,** ) <br> **LUCY JONES, individually, and** ) <br> **STEVE THOMPSON, individually,** ) <br> ) <br> **Defendants.** ) <br> ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Opposition Memorandum to Defendants' Motion for Summary Judgment [Doc. 55] and its supporting exhibits [Docs. 57-65], as well as the following motions:

(1) Plaintiff's Motion to Compel Further Responses to Her Second Set of Interrogatories, and Her Second and Fourth Sets of Document Production Requests to Defendant Consolidated Metco, Inc. [Doc. 49];

(2) Plaintiff's Motion for Leave to File an Opposition Memorandum of Law in Excess of Twenty-Five (25) Pages [Doc. 53];

(3) Plaintiff's Request for Leave to File Her Memorandum of Law in Support of Her Motion to Compel Further Responses to Her Second Set of Interrogatories and Her Second and Fourth Sets of Document Production Requests to Defendant Consolidated Metco, Inc. [Doc. 54];

(4) Plaintiff's Motion to Seal Deposition Transcripts and Exhibits Filed in Support of Her Opposition Memorandum to Defendants' Motion for Summary Judgment [Doc. 56]; and

(5) Defendants' Consent Motion to Extend Time to Respond to Plaintiff's Motion to Compel Further Responses to Her Second Set of Interrogatories and Her Second and Fourth Sets of Document Production Requests [Doc. 68].

## I. PROCEDURAL BACKGROUND

On January 11, 2011, the Plaintiff filed her Complaint in the Haywood County General Court of Justice, Superior Court Division against the Defendants, alleging claims for violation of the North Carolina's Retaliatory Employment Discrimination Act, wrongful discharge in violation of public policy, gross negligence, negligent infliction of emotional distress, and tortious interference with contract. [Doc. 1-2 at 10]. In an Amended Complaint filed

on April 5, 2011, the Plaintiff asserted additional claims of discrimination and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2611, *et seq.* [Id. at 31]. Thereafter, the Defendants removed the action to this Court on the grounds of federal question jurisdiction. [Doc. 1].

On June 23, 2011, the Honorable Dennis L. Howell, United States Magistrate Judge, entered a Pretrial Order and Case Management Plan, setting a deadline of February 1, 2012 for the completion of all discovery and a deadline of March 1, 2012 for the filing of any dispositive motions. [Doc. 7].

On January 27, 2012, the Magistrate Judge entered an Order granting the Plaintiff's motion to extend the pretrial deadlines in this case. By this Order, the discovery deadline was extended to March 1, 2012, and the dispositive motions deadline was extended to April 1, 2012. [Doc. 46].

On April 2, 2012, the Defendants filed their Motion for Summary Judgment.[1] [Doc. 47]. On that same day, the Plaintiff filed a Motion to Compel further discovery responses from the Defendant. [Doc. 49].

On April 12, 2012, the Plaintiff filed a Motion for Leave to file a brief in excess of twenty-five (25) pages in opposition to the Defendants' Motion for

---

[1]Because April 1, 2012 was a Sunday, the motions deadline was extended to the following business day.

3

Summary Judgment. [Doc. 53]. Before the Court could rule on this motion, however, on April 16, 2012, the Plaintiff filed the following documents:

> (1) A Motion for Leave to File Her Memorandum of Law in Support of her Motion to Compel Further Responses to Her Second Set of Interrogatories and Her Second and Fourth Set of Document Production Requests [Doc. 54];
>
> (2) An Opposition Memorandum to the Defendants' Motion for Summary Judgment, consisting of a total of thirty-one (31) pages [Doc. 55];
>
> (3) A Motion to Seal Deposition Transcripts and Exhibits Filed in Support of Her Opposition Memorandum to Defendants' Motion for Summary Judgment [Doc. 56];
>
> (4) The Affidavit of Glen C. Shults to Authenticate Deposition Transcripts Filed in Support of Plaintiff's Opposition Memorandum to Defendants' Motion for Summary Judgment and in Support of Motion to Seal Record [Doc. 57];
>
> (5) Complete copies of deposition transcripts of six witnesses, along with all of the exhibits thereto, consisting of a total of 1,724 pages [Docs. 58-61];
>
> (6) A document entitled "30(b)(6) Deposition Exhibits," which purports to summarize information regarding particular employees found in exhibits to the Defendant Consolidated Metco, Inc.'s Rule 30(b)(6) deposition [Doc. 62];
>
> (7) The Affidavit of Glen C. Shults in Support of Plaintiff's Opposition Memorandum to Defendants'

Motion for Summary Judgment, with exhibits [Doc. 63];

(8) The Affidavit of Linda Vespereny in Support of Plaintiff's Opposition Memorandum to Defendants' Motion for Summary Judgment [Doc. 64];

(9) The Affidavit of Ruth Smith in Support of Plaintiff's Opposition Memorandum to Defendants' Motion for Summary Judgment [Doc. 65]; and

(10) A 15-page brief entitled "Plaintiff's Objections to the Evidence Submitted in Support of Defendants' Motion for Summary Judgment" [Doc. 66].

The Court enters this Order to address the Plaintiff's multiple motions as well as the various exhibits filed in support of her Opposition Memorandum.

## II. DISCUSSION

### A. Plaintiff's Motion to Compel

The Plaintiff moves the Court to compel the Defendant Consolidated Metco, Inc. ("Metco") to make further responses to her Second Set of Interrogatories and Second and Fourth Set of Document Production Requests. [Doc. 49]. Having inadvertently failed to file a supporting memorandum of law, the Plaintiff further moves for leave to file such memorandum. [Doc. 54].

Generally, a party must move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely.

5

See Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases); Rudolph v. Buncombe County Gov't, No. 1:10cv203, 2011 WL 5326187, at *2 (W.D.N.C. Nov. 4, 2011); Lane. v. Lucent Techs., Inc., No. 1:04cv00789, 2007 WL 2079879, at *3 (M.D.N.C. Jul. 13, 2007). Because the Plaintiff filed her Motion to Compel after the close of discovery, it is untimely and therefore denied.

With the Plaintiff's Motion to Compel being denied as untimely, the Defendants' Consent Motion to Extend Time to Respond to Plaintiff's Motion to Compel Further Responses to Her Second Set of Interrogatories, and Her Second and Fourth Sets of Document Production Requests [Doc. 68] is rendered moot.

**B. Plaintiff's Motion for Leave to File Excess Pages**

The Plaintiff seeks leave to file a brief in opposition to the Defendants' Motion for Summary Judgment that is in excess of twenty-five (25) pages. [Doc. 53]. The Court has found that the 25-page limit is sufficient except in the most extraordinary circumstances. The Plaintiff has not stated good cause for filing a memorandum of law in excess of the 25-page limit. Accordingly, the Plaintiff's Motion for Leave [Doc. 53] is denied. The Plaintiff's Opposition Memorandum [Doc. 55], which was filed subsequent to the

6

Plaintiff's Motion for Leave, shall be stricken, and the Plaintiff will be given an opportunity to re-file her Memorandum in a manner which complies with the page limitations set forth in the Pretrial Order and Case Management Plan. Counsel is further reminded that all pleadings should be double-spaced and in fourteen (14) point font.

### C.    Plaintiff's Motion to Seal

The Plaintiff moves to seal all of the deposition transcripts and exhibits filed in support of her Opposition Memorandum. For grounds, the Plaintiff states that numerous documents were produced in discovery in this case that contain confidential information, such as social security numbers, home addresses, telephone numbers, and medical information, and that a number of these documents were referenced extensively in the depositions and attached thereto as exhibits. [Doc. 56].

As a preliminary matter, counsel is reminded that the filing of discovery materials, such as depositions, should be limited to those portions of the material "directly necessary to support" the Plaintiff's Opposition Memorandum. See LCvR 26.2. Here, however, the Plainitff has filed entire deposition transcripts and exhibits in support of her Opposition Memorandum. Plaintiff's Motion to Seal does not specify whether citation of the confidential

7

information referenced in these depositions and exhibits is necessary to support her opposition brief.  If the confidential information can be redacted or otherwise excluded by the use of excerpts of the depositions and exhibits, then the Plaintiff's request to seal such documents would be unnecessary.  For these reasons, the Court will deny the Plaintiff's Motion to Seal [Doc. 56].

The Court will strike the Plaintiff's filings [Docs. 58-62] in support of her Opposition Memorandum and will give the Plaintiff to opportunity to re-file the same, including only those portions that are necessary to support her brief or otherwise cited therein.  If such portions still reference confidential information but such information is not necessary to support the Plaintiff's brief, counsel shall endeavor to redact such information.  If such information cannot reasonably be redacted or is otherwise necessary to support her brief, the Plaintiff shall seek leave to file such portions under seal.  Should the Plaintiff's re-filed Memorandum of Law and supporting exhibits exceed a total of one hundred (100) pages, the Plaintiff shall provide a hard copy of such filings to the Court's chambers, which hard copy shall include the case file number, document number and pagination footer as generated by the Court's ecf system.

8

**O R D E R**

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Compel Further Responses to Her Second Set of Interrogatories and Her Second and Fourth Sets of Document Production Requests to Defendant Consolidated Metco, Inc. [Doc. 49] is **DENIED** as untimely;

(2) Plaintiff's Motion for Leave to File an Opposition Memorandum of Law in Excess of Twenty-Five (25) Pages [Doc. 53] is **DENIED**, and the Plaintiff's Opposition Memorandum to Defendants' Motion for Summary Judgment [Doc. 55] is hereby **STRICKEN**. The Plaintiff shall have seven (7) days from the entry of this Order to file a Memorandum of Law which complies with the font and page limitations set forth in the Pretrial Order and Case Management Plan;

(3) Plaintiff's Request for Leave to File Her Memorandum of Law in Support of Her Motion to Compel Further Responses to Her Second Set of Interrogatories and Her Second and

9

Fourth Sets of Document Production Requests to Defendant Consolidated Metco, Inc. [Doc. 54] is **DENIED AS MOOT**;

(4) Plaintiff's Motion to Seal Deposition Transcripts and Exhibits Filed in Support of Her Opposition Memorandum to Defendants' Motion for Summary Judgment [Doc. 56] is **DENIED**. The deposition transcripts and exhibits filed in support of the Plaintiff's Memorandum of Law [Docs. 58-62] are **STRICKEN**. The Plaintiff shall have seven (7) days from the entry of this Order to file exhibits in support of her Memorandum of Law which comply with the Local Rules and the provisions of this Order.

(5) Defendants' Consent Motion to Extend Time to Respond to Plaintiff's Motion to Compel Further Responses to Her Second Set of Interrogatories and Her Second and Fourth Sets of Document Production Requests [Doc. 68] is **DENIED AS MOOT**; and

(6) Should the Plaintiff's re-filed Memorandum of Law and supporting exhibits exceed a total of one hundred (100) pages, the Plaintiff shall provide a hard copy of such filings

to the Court's chambers in the form set forth in the body of

this Order.

**IT IS SO ORDERED**.

Signed: April 18, 2012

Martin Reidinger
United States District Judge